NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN ISAAC, | |
| Plaintiff, | Civil Action No. 25-1325 (RK) (TJB) |
| v. | |
| DEFENDANT 1, *et al.*, | MEMORANDUM OPINION |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court on Plaintiff Stephen Isaac's ("Plaintiff") motion for alternate service of process ("Motion for Alternate Service"), as well as his Motion for Expedited Discovery. (Docket Entry Nos. 5, 10.) The Court has considered all arguments made in support of Plaintiff's motions and decides the same without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for Alternate Service is **DENIED WITHOUT PREJUDICE**. Plaintiff's Motion for Expedited Discovery is **GRANTED, in part, and DENIED, in part**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 18, 2025, Plaintiff filed this action to recover damages related to the alleged theft of his cryptocurrency assets in violation of 18 U.S.C. § 1964 (The Racketeer Influenced and Corrupt Organizations Act) and N.J.S.A 2C:41-1 et seq. (The New Jersey RICO statues). (Docket Entry No. 1 ("Compl.") ¶ 4.)

As alleged in his Complaint, Plaintiff maintains that he is a victim of a "pig butchering" scam, a fraudulent crypto investment scheme typically directed from Southeast Asia and perpetrated by organized criminal groups. (*Id.* ¶¶ 16-19.) In May 2024, Plaintiff met Defendant

"1" a/k/a "Alexandra" ("Defendant 1") and Defendant "2" a/k/a "Sean Farell" ("Defendant 2") through messaging on WhatsApp. (*Id.* ¶ 22.) Defendants 1 and 2 misrepresented themselves to be employees of a New York investment company, Fundstrat Global Advisors, and offered to help Plaintiff trade cryptocurrency, "showing him examples over WhatsApp of how they were successfully earning high returns on their cryptocurrency trading methods[.]" (*Id.* ¶¶ 10-11, 24.) Plaintiff alleges that Defendants 1 and 2 induced him to invest in a fraudulent copycat exchange platform, COINBYTE.NET, designed to mimic a legitimate trading platform. (*Id.* ¶¶ 25-28.) After investing and transferring his cryptocurrency assets to COINBYTE.NET, Plaintiff subsequently discovered that his account with the real Fundstrat Global Advisors did not exist. (*Id.* ¶¶ 28-35.) Plaintiff attempted to withdraw his cryptocurrency from COINBYTE.NET and transfer the same back to his accounts on legitimate third-party cryptocurrency platforms, Coinbase and Crypto.com; he was unable to do so. (*Id.* ¶ 35.) As a result, Plaintiff retained cryptocurrency tracing experts, who traced his cryptocurrency on the blockchain. (*Id.* ¶ 38.) Plaintiff alleges that the tracing reports from these experts show that "Defendants, with help of multiple coconspirators, opened numerous cryptocurrency wallets owned by John Doe Defendants 1-10 to launder the stolen cryptocurrency to the identified foreign cryptocurrency exchanges."[1] (*Id.* ¶ 39.)

On May 19, 2025, Plaintiff filed his pending Motion for Alternative Service. (Docket Entry No. 5.) Plaintiff alleges that he is unable to identify or locate Defendants. (*Id.* at 2.) Plaintiff has traced the alleged stolen cryptocurrency to electronic wallets hosted on five (5) cryptocurrency exchanges. (*Id.* at 4.) Plaintiff also possesses the WhatsApp numbers of the Defendants used to

---

[1] Defendant 1, Defendant 2, and John Doe Defendants 1-10 are herein collectively referred to as the "Defendants" or "Doe Defendants."

2

communicate with him. (*Id.* at 2.) No other information about the Defendants other than the WhatsApp numbers and cryptocurrency wallet addresses has been found. (*Id.*) Plaintiff now requests the Court permit service via (1) WhatsApp, (2) Non-Fungible Token ("NFT") to Defendants' cryptocurrency wallet addresses, and (3) publication via website posting. (*Id.* at 4.)

On September 19, 2025, while his Motion for Alternative Service was pending, Plaintiff filed his Motion for Expedited Discovery. (Docket Entry No. 10.) Plaintiff requests leave "to serve limited, immediate discovery on the third-party cryptocurrency exchanges where the Defendants own deposit wallets to determine the true identity of the Defendants and to prevent the future dissipation of his assets." (*Id.* at 3.) Specifically, Plaintiff seeks to serve third-party subpoenas "to procure Know Your Customer (KYC) information from ChangeNow, Gate.io, and OKX cryptocurrency exchanges to help identify the names of the Defendants and potentially their locations, as well as account details to prevent further dissipation of his assets." (*Id.* at 3, 6.)

The Court now addresses each of Plaintiff's motions.

## II. DISCUSSION

### A. Plaintiff's Motion for Alternate Service

Plaintiff claims that Defendants are foreign nationals. (Compl. ¶¶ 10-11; Docket Entry No. 5 at 2.) Federal Rule of Civil Procedure ("Rule") 4(f) governs service of process on individuals located in foreign countries. Fed. R. Civ. P. 4(f). Under Rule 4(f)(1), an individual may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Fed. R. Civ. P. 4(f)(1). "[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705,

108 S. Ct. 2104, 2111 (1988).

"[I]f there is no internationally agreed means, or if an international agreement allows but does not specify other means," Rule 4(f)(2) provides that the following alternative methods of service are reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]

Fed. R. Civ. P. 4(f)(2)(A)-(C).

Lastly, Rule 4(f)(3) permits service of process on an individual located in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Under Rule 4(f)(3), "[d]istrict courts have broad discretion to permit alternative service of process where '(a) there is no international agreement prohibiting service by the proposed method; (b) the proposed method of service is reasonably calculated to provide the defendant notice; and (c) [plaintiff has] made a good faith effort to locate and serve defendants by traditional means.'" *Monroe v. Sieczkowski*, Civ. No. 21-20231, 2024 WL 1328014, at *2 (D.N.J. Mar. 28, 2024) (citing *U.S. Secs. and Exchange Commission v. Vuuzle Media Corp.*, Civ. No. 21-1226, 2021 WL 1731947, at *1 (D.N.J. May 3, 2021) (citation omitted)).

4

While Plaintiff alleges that Defendants are foreign nationals, Plaintiff has not confirmed that Defendants are located outside of the United States. If Defendants are located within the United States, Rule 4(e) controls service of process. Fed. R. Civ. P. 4(e). Due to the unknown identities and locations of Defendants, the Court analyzes Plaintiff's proposed alternate methods of service under both Rule 4(f) and 4(e).

            i.        Alternate Service for International Defendants under Rule 4(f)

As a threshold matter, Plaintiff has been unable to identify any physical addresses for the Defendants. (Docket Entry No. 5 at 2.) The Third Circuit has held that the Hague Convention does not apply when a defendant's address is unknown. *Braverman Kaskey P.C., v. Toidze*, 599 F. App'x 448, 452 (3d Cir. 2015); *see also Tyson v. Coinbase Glob., Inc.*, Civ. No. 23-22066, 2024 WL 5126766, at *4 (D.N.J. Dec. 16, 2024). Given that the locations of the Defendants are currently unknown, the Court cannot determine whether an internationally agreed means of service would apply. Moreover, without any physical addresses for the Defendants, Rule 4(f)(2) is inapplicable. Turning to Rule 4(f)(3), the Court is unaware of any international agreement or treaty that prohibits Plaintiff's proposed methods of alternative service. Without an international agreement addressing service, and as it is not apparent that an international agreement or treaty exists prohibiting Plaintiff's proposed alternate methods of service, the Court assesses whether the proposed methods are reasonably calculated to apprise Defendants of the action and whether Plaintiff has made a good faith effort to locate and serve Defendants by traditional means before seeking alternative service.

Plaintiff has not sufficiently shown that he has made a good faith effort to locate the Defendants. Plaintiff has identified the digital wallets and cryptocurrency exchanges currently

5

holding the disputed cryptocurrency. (Docket Entry No. 5 at 4.) While Plaintiff contends that he has demonstrated reasonable efforts by obtaining a cryptocurrency tracing report, he has not used that information to try to identify the wallet holders. (*Id.* at 8.) In *Tyson*, for example, the Court permitted alternative service only after the plaintiff had unsuccessfully sought identifying information by serving third-party subpoenas on the cryptocurrency exchanges hosting the digital wallets. *Tyson*, 2024 WL 5126766, at *4. Plaintiff has made no showing of any prior unsuccessful attempts to serve process on Defendants or to uncover their identities.[2] As Plaintiff notes, Rule 4(f)(3) does not require that a plaintiff exhaust all avenues before requesting alternative service. *Id.*; (Docket Entry No. 5 at 8.) However, a court may require a plaintiff to demonstrate "that reasonable efforts to serve the defendant[s] have been made and proven unsuccessful[.]" *Tyson*, 2024 WL 5126766, at *4 (citing *In re Heckmann Corp. Sec. Litig.*, Civ. No. 10-378, 2011 WL 5855333, at *3 (D. Del. Nov. 22, 2011) (citation omitted)); *Bravetti v. Liu*, Civ. No. 12-7492, 2013 WL 6501740, at *3 (D.N.J. Dec. 11, 2013) ("it is helpful to plaintiff's case to show some measure of difficulty in effecting service by usual means." (citation omitted)). Based on the current record, Plaintiff has failed to investigate reasonable leads and act on available information which may reveal the identities of the Defendants. The potential information obtained through further investigation may afford Plaintiff the ability to pursue service by traditional means. It would be premature to find that Plaintiff has satisfied the "good faith effort" requirement prior to Plaintiff exploring these reasonable leads that may reveal the identities of the Defendants.

---

[2] In his Motion for Expedited Discovery, Plaintiff claims that "[he] has attempted to retrieve information related to the owners of the wallets where Plaintiff's stolen assets were transferred from cryptocurrency exchanges, from local law enforcement, from the United States Secret Service, and from the Federal Bureau of Investigation." (Docket Entry No. 10 at 2.) However, Plaintiff does not describe or expound on these efforts in any manner.

Therefore, at this stage, the Court finds that Plaintiff is not entitled to alternate service under Rule 4(f)(3) for failing to establish that he has made a good faith effort to locate and, more specifically, identify the Defendants. Given this finding, the Court refrains from assessing whether the proposed methods of alternate service are reasonably calculated to apprise Defendants of this action.

### ii. Alternate Service for Domestic Defendants under Rule 4(e)

If the Doe Defendants are located within the United States, Rule 4(e) governs service of process. Fed. R. Civ. P. 4(e). Under Rule 4(e), service on an individual within the United States may be effectuated either pursuant to applicable state law or through the methods specifically authorized by Rule 4(e)(2). *Id.* Plaintiff's proposed methods of alternate service are not among the methods permitted by Rule 4(e)(2). The Court therefore considers whether service by Plaintiff's alternate methods is permissible under applicable state law. New Jersey law governs this inquiry. *See* Fed. R. Civ. P. 4(e)(1) (providing that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]").

Under New Jersey Court Rule 4:4-4(a), personal service is the "primary method of obtaining in personam jurisdiction over a defendant in [the] State[.]" N.J. Ct. R. 4:4-4(a). When personal service cannot be made, the New Jersey Court Rules allow for substituted or constructive service. N.J. Ct. R. 4:4-4(b). The New Jersey Court Rules do not expressly permit service by Plaintiff's proposed alternate methods. *See* N.J. Ct. R. 4:4-4. New Jersey Court Rule 4:4-4(b)(3) does, however, instruct:

7

> If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

N.J. Ct. R. 4:4-4(b)(3).

"'Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)[,]'" i.e., demonstration of a diligent inquiry to locate the defendant. *Mizrahi v. Anna*, Civ. No. 23-2462, 2023 WL 7273725, at *9 (D.N.J. Nov. 3, 2023) (quoting *H.D. Smith, LLC v. Prime Rite Corp.*, Civ. No. 16-294, 2016 WL 3606785, at *1 (D.N.J. July 5, 2016)); *see also Prudential Ins. Co. of Am. v. Holladay*, Civ. No. 07-5471, 2008 WL 1925293, at *2 (D.N.J. Apr. 30, 2008) ("If a diligent inquiry has been established and service cannot be made by any other method, a Court may order an alternative method of substituted service as long as it is 'consistent with due process of law.'"). Determining whether a plaintiff has exercised diligence is a fact-sensitive inquiry, and there is no fixed standard. *Mizrahi*, 2023 WL 7273725, at *9 (citation omitted); *Prudential*, 2008 WL 1925293, at *2 (citing *Modan v. Modan*, 327 N.J. Super. 44, 48-49 (App. Div. 2000)). To satisfy the diligent inquiry requirement, courts generally require the plaintiff to follow up on information it possesses or can reasonably obtain, pursue reasonable leads, and utilize reasonably available methods to locate the defendant. *See, e.g.*, *Mizrahi*, 2023 WL 7273725, at *9-10 (denying the motion for service by email, where the plaintiff failed to follow up on leads from their initial investigation and was permitted to serve third-party subpoenas on relevant entities to identify a valid address for the defendant); *Prudential*, 2008 WL 1925293, at *3-4 (denying the motion for service by publication where plaintiff conducted two nondescript background searches, performed a postal forwarding search, and tried to serve the defendant at his

8

last known address but failed to take additional reasonable steps, such as reviewing public records or interviewing individuals who may have known the defendant's whereabouts).

Lastly, as New Jersey Court Rule 4:4-4(b)(3) makes clear, the proposed alternate method of service must comport with due process of law. N.J. Ct. R. 4:4-4(b)(3). Due process requires that there be "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *O'Connor v. Altus*, 67 N.J. 106, 126 (N.J. 1975) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)).

Here, Plaintiff has failed to demonstrate diligence in attempting to locate Defendants. As has been discussed, Plaintiff has traced Defendants' digital wallets but has failed to follow up on the information, such as by requesting discovery on the cryptocurrency exchanges. Nor is there any indication that Plaintiff has attempted to identify Defendants through investigation of their WhatsApp numbers, which bear a New York area code. (*See* Docket Entry No. 5 at 2 ("Defendants 1 and 2 used WhatsApp numbers with a New York area code.").) While there is no clear standard of what is considered due diligence, the Court finds that Plaintiff has not met the requirements for alternative service under Rule 4(e), or New Jersey Court Rule 4:4-4(b)(3), for failing to follow up on information he possesses, or can reasonably obtain, and failing to pursue reasonable leads. Given this finding, the Court refrains from analyzing whether the proposed methods of alternate service comport with constitutional due process requirements.

Under both Rule 4(f) and 4(e), Plaintiff has failed to demonstrate the requisite diligence in attempting to identify and locate the Defendants to warrant alternate service. Plaintiff's Motion for Alternate Service is therefore **DENIED**. However, the Court will deny Plaintiff's Motion for

Alternate Service **WITHOUT PREJUDICE**, to afford Plaintiff the opportunity to engage in expedited discovery in an effort to identify the Doe Defendants. (*See infra* Section B.)

### B. Plaintiff's Motion for Expedited Discovery

The Court has broad discretion in deciding discovery issues. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017) (noting that "[a]s we have often said, matters of docket control and discovery are committed to [the] broad discretion of the district court"); *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]"). The Court exercises said discretion in deciding Plaintiff's Motion for Expedited Discovery.

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). However, the Court has the discretion to permit, or expedite, discovery prior to the Rule 26(f) conference. *Id.* "Generally, a 'good cause' standard applies to motions for expedited discovery[.]" *Strivelli v. Doe*, Civ. No. 22-2060, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022); *see also Tyson v. Coinbase Glob., Inc.*, Civ. No. 23-22066, 2024 WL 69929, at *2 (D.N.J. Jan. 4, 2024) (collecting cases). In determining whether good cause exists to permit expedited discovery, courts should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances[.]" *Better Packages, Inc. v. Zheng*, Civ. No. 05-4477, 2006 WL 1373055, at *3 (D.N.J. May 17, 2006) (citation omitted). Ultimately, "[g]ood cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Kapellan v. Jersey City Med. Ctr., Inc.*, Civ. No. 23-597, 2024 WL 4665127,

at *3 (D.N.J. May 7, 2024) (internal quotation marks and citation omitted).

The Court finds that good cause exists to permit limited, expedited discovery. Plaintiff's request for expedited discovery for the purpose of identifying the Defendants is reasonable and limited. Plaintiff has diligently traced the allegedly stolen cryptocurrency to specific digital wallets hosted on five (5) cryptocurrency exchanges. (Docket Entry No. 5 at 4.) Those exchanges include Binance, ChangeNow, Coinbase, Gate.io and OKX. (*Id.*) Plaintiff requests to serve third-party subpoenas on the ChangeNow, Gate.io, and OKX exchanges for the following information related to the relevant wallet addresses:

1. Account holder's name, address, phone number, and email address.

2. Know Your Customer (KYC) and Anti-Money Laundering (AML) information.

3. Account balances and transaction history to prevent the further dissipation of plaintiff's stolen assets.

4. Records of transfers to/from the relevant wallet addresses to further prevent the dissipation of plaintiff's stolen assets.

(Docket Entry No. 10 at 6.)

Under the surrounding circumstances of this action, Plaintiff's discovery requests are reasonable and proportional to the needs of the case, to the extent such requests seek to obtain information for the purpose of identifying and locating the Defendants. Fed. R. Civ. P. 26(b)(1). Indeed, as the Court in *Strivelli* noted, "[T]he Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants." *Strivelli*, 2022 WL 1082638, at *2. The cryptocurrency exchanges that host the digital wallets are uniquely situated to possess such identifying information. (Docket Entry No.

11

10 at 3.)　If uncovered, the identities of the Doe Defendants may afford Plaintiff the ability to pursue service of process on Defendants by traditional means of service.　Therefore, to the extent that Plaintiff's requests seek information relating to the identity and location of Defendants, the Court finds that any prejudice to the responding parties is outweighed by the need for the limited discovery sought.

However, at this early stage of the litigation, the Court finds that Plaintiff's discovery requests are overbroad to the extent that such requests seek account balances, transaction history, records of transfers, and the like.　Plaintiff has neither filed a motion for a temporary restraining order nor has requested injunctive relief in any manner. In similar cases, courts have limited the scope of expedited discovery requests to information necessary to identify the Defendants, reserving other substantive discovery for after a Rule 26(f) conference. *See, e.g.*, *Tyson*, 2024 WL 69929, at *3-4 (discussing similar cases and limiting plaintiff's expedited discovery request to the articulated purpose of identifying and serving process on the Doe Defendants); *JustM2J LLC v. Brewer*, Civ. No. 25-380, 2025 WL 435827, at *11 (E.D. Cal. Feb. 7, 2025) (explaining that district courts in the Ninth Circuit have "declined to broaden the scope of expedited discovery to transaction information, even when a plaintiff contends . . . that it needs this information to prevent asset dissipation." (citations omitted)).　Given the current posture of the case, the Court finds that this measured approach is reasonable and appropriate for this action.

Accordingly, Plaintiff's Motion for Expedited Discovery is **GRANTED, in part, and DENIED, in part**.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Alternate Service is **DENIED WITHOUT PREJUDICE**.  Plaintiff's Motion for Expedited Discovery is **GRANTED, in part, and DENIED, in part**.  An appropriate Order follows.

Dated:   December 30, 2025

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
